Xiao Ting v. Garland

BIA
Lurye, IJ
A206 077 055

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-two.

PRESENT:
      RICHARD C. WESLEY,
      JOSEPH F. BIANCO,
      STEVEN J. MENASHI,
         *Circuit Judges.*

_____

ZHU XIAO TING, AKA XIAO TING ZHUO,
      *Petitioner,*

v.                          19-4295

                                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Mona Liza F. Lao, Esq., New York, NY.

FOR RESPONDENT:      Jeffrey Bossert Clark, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation

Counsel; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhu Xiao Ting, a native and citizen of the People's Republic of China, seeks review of a November 29, 2019, decision of the BIA affirming a February 28, 2018, decision of an Immigration Judge ("IJ") denying Ting's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhu Xiao Ting*, No. A206 077 055 (B.I.A. Nov. 29. 2019), *aff'g* No. A206 077 055 (Immig. Ct. N.Y. City Feb. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's findings that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

§ 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). "[W]e review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted). "The scope of review under the substantial evidence standard is exceedingly narrow, and we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief." *Id.* (internal quotation marks omitted).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . ., the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . ., the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record

3

. . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Substantial evidence supports the agency's determination that Ting was not credible as to her claim that police detained and beat her for attending an underground church in China and that she feared persecution under the family planning policy for having had a child out of wedlock.

In finding Ting not credible, the agency reasonably relied on inconsistencies between her credible fear interview and merits hearing regarding why she was detained and whether police beat her. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Ming Zhang v. Holder*, 585 F.3d 715, 724–25 (2d Cir. 2009) (finding a credible fear interview record reliable when it is typewritten, demonstrates that the applicant understood the questions, reflects questions about past harm or fear of future harm, and is conducted with an interpreter). The

4

agency also reasonably relied on Ting's inconsistent evidence regarding how many times she had married, how she met her current husband, and when she attended church. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Ting did not provide compelling explanations for the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied on her failure to rehabilitate her testimony with reliable corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *Zou v. Garland*, No. 19-2003, 2021 WL 4097775, at *1 (2d Cir. Sept. 9, 2021) ("Even absent an adverse credibility determination, a lack of corroboration may be an independent basis for the denial of relief."). The agency reasonably declined to credit statements from interested parties and acquaintances

who did not have first-hand knowledge of her alleged persecution in China. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (deferring to agency's determination of weight of evidence).

Given the inconsistencies and lack of reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6